UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TODD LARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:23-CV-212-HAB |
| | ) |
| SAMUEL FOWLER, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Todd Larmer was arrested in May 2023 for resisting law enforcement, battery on a law enforcement officer, and refusal to identify. He now asks this Court to endorse his sovereign citizen beliefs and relieve him from his self-created predicament. The Court declines and dismisses this case.

**I.     Alleged Facts**

Plaintiff alleges that, just over a week ago, he was "traveling"[1] back to his home after "exercising [his] own commerce and trade at a local store." Deputy Samuel Fowler ("Fowler") of the Grant County Sheriff's Department "attempt[ed] to detain [him] against [his] will." Because Plaintiff "do[es] not have a contract to their public Trust," (sic) he ignored Fowler's lights and sirens and continued to his home.

Upon arriving at Plaintiff's home, Fowler exited his car and attempted "to detain [Plaintiff] from going about [his] own business." (original emphasis). Fowler asked Plaintiff for identification and Plaintiff responded that he was "one of the People for the State of Indiana and that [he] was not a voter and did not pay taxes for services rendered by any combination of public Trusts." (sic).

---

[1] All quotes are taken from Plaintiff's complaint (ECF No. 1).

Fowler "ignored [Plaintiff's] statement of identification and continued to treat [Plaintiff] as if [Plaintiff] was under [Fowler's] jurisdiction."

Getting no cooperation from Plaintiff, Fowler called for backup "in his continued attempts of subjugation of [Plaintiff] and the extortion of [Plaintiff's] property." Captain Matt Snead ("Snead") arrived and "demanded [Plaintiff] to show evidence of a contract to the public Trust of the State of Indiana [e.g. license]." (all sic). Plaintiff "refused their illegal subjugation to the public Trust of 'Grant County'." (all sic).

Plaintiff alleges that both Fowler and Snead then "attacked" him, and he "naturally" defended himself. He alleges that Snead "sucker punched" him. The punch knocked Plaintiff to the ground and allowed the officers to handcuff him. Plaintiff alleges that the officers "stole" his firearm that Plaintiff used to "exercise [his] own welfare and safety out in the public forum."

Plaintiff was taken to the officers' "place of employment" where he claims his property was taken. He alleges that the officers "demanded that [Plaintiff] submit to their claims and pay them money to be able to leave their place of employment." Plaintiff is referring to cash bail, which he paid. Plaintiff was then released and told that he had a court date, which Plaintiff describes as "more commercial abuse."

Based on these facts, Plaintiff asks for more than $100,000,000 in damages. He also seeks an injunction to guarantee his "perpetual liberty." That injunction would include dismissing Plaintiff's state charges arising from the incident and issuing "federal and state exemption documents" that Plaintiff could produce were he ever "attacked again out in the public forum by 'trustees' of the public Trusts acting upon private gain." (sic).

2

## II. Legal Discussion

### A. *Plaintiff's Sovereign Citizen Claims are Summarily Rejected*

Plaintiff's complaint has the hallmarks of a sovereign citizen filing. His references to "traveling," contracting with public authorities, and reference to court proceedings as "commercial" activities give him away. These arguments are meritless, waste the Court's time, and are summarily rejected.

"Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Plaintiff's theories are summarily rejected because it is clearly established that Indiana's laws apply to all persons within its borders. *Id*. No matter how strongly Defendant holds his beliefs, he is subject to Indiana's laws and courts. *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in American law"). Because the Court finds that Plaintiff's entire claim turns on sovereign citizen theories, it should be dismissed.

### B. *Plaintiff's Complaint is an Impermissible Collateral Attack on his State Criminal Charges*

Even if the Court ignored that Plaintiff's claim is based on a theory with no legal support, the Court still could not proceed. *Younger v. Harris*, 401 U.S. 37 (1971), holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Plaintiff's claims of damages resulting from illegal seizures and detentions meet that description: they involve constitutional issues that may be litigated during his criminal case, *see Simpson v.*

*Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Deciding those issues in federal court could undermine the state court proceeding. *Id.*, 73 F.3d at 138.

This leaves the Court in a tricky spot. The usual practice in a case when *Younger* abstention applies is to stay the federal case pending the resolution of the state court proceeding. *See Simpson*, 73 F.3d at 138–39; *see also Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002). But as noted above, the usual practice in a case presenting sovereign citizen arguments is to reject the claims summarily. *Benabe*, 654 F.3d at 767. Balancing these two alternatives, the Court finds that the sovereign citizen issue predominates. The incident described in the complaint arose only because Plaintiff believed that he was above, or outside of, Indiana law. A simple traffic stop turned into a chase, and then a fight, because Plaintiff rejected the obvious fact that he can be held responsible for violating Indiana law. These sovereign citizen themes are not going to change during the state prosecution of Plaintiff's alleged crimes. His claims will be dismissed.

### III.    Conclusion

For these reasons, this matter is DISMISSED WITH PREJUDICE.

SO ORDERED on June 1, 2023.

> s/ Holly A. Brady
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT